IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP NELSON,<br><br>          Plaintiff,<br><br>     v.<br><br>AT&T MOBILITY LLC,<br><br>          Defendant. | NO. C10-4802 TEH<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>COMPEL ARBITRATION AND<br>STAY CASE |

This matter comes before the Court on a motion to compel arbitration brought by Defendant AT&T Mobility LLC ("ATTM" or "AT&T"). After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and hereby VACATES the hearing scheduled for August 22, 2011. For the reasons set forth below, ATTM's motion is GRANTED.

**BACKGROUND**

Plaintiff Kip Nelson seeks to represent a class of "persons who have an AT&T wireless account with both a California area code and a California billing address." First Am. Compl. ("FAC") ¶ 29. He contends that ATTM has overbilled him and members of the proposed class by improperly calculating certain surcharges on their monthly bills. Nelson's original complaint sought damages under 47 U.S.C. § 206 and equitable and injunctive relief under California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*

Following the United States Supreme Court's April 27, 2011 decision in *AT&T v. Concepcion*, 131 S. Ct. 1740, the parties stipulated that Nelson could file an amended complaint. The FAC removed prayers for damages and equitable relief and now seeks only injunctive relief – namely, "an order enjoining AT&T from continuing to engage in unlawful

business practices as alleged" under the UCL and the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 *et seq.* FAC at 11.

Nelson does not dispute that his contract with ATTM includes a clause that requires arbitration of "**all disputes and claims**" between Nelson and ATTM. Ex. 1 to Bennett Decl. at 2, ECF No. 10 (emphasis in original). The agreement specifically waives the right to a jury trial and the right to participate in a class action, *id.*, and further provides that:

> The arbitrator may award injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim. **YOU AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.** Further, unless both you and AT&T agree otherwise, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. If this specific proviso is found to be unenforceable, then the entirety of this arbitration provision shall be null and void.

*Id.* at 3 (emphasis in original).

**DISCUSSION**

ATTM now moves to compel arbitration under the agreement. Nelson opposes the motion "on the grounds that a request for issuance of a public injunction is inarbitrable," Opp'n at 1, and relies on two California Supreme Court decisions for support: *Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066 (1999), and *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal. 4th 303 (2003). The *Broughton* court held that public injunctive relief claims under the CLRA are inarbitrable and that this conclusion did not violate the Federal Arbitration Act ("FAA"). *Broughton*, 21 Cal. 4th at 1079-84. After considering intervening United States Supreme Court decisions, the *Cruz* court concluded that *Broughton* remained good law and extended *Broughton* to bar arbitration of public injunctive relief claims under the UCL. *Cruz*, 30 Cal. 4th at 311-16. Public injunctive relief claims are "designed to prevent further harm to the public at large rather than to redress or prevent injury to a

2

plaintiff." *Id.* at 316.  ATTM contends that the California Supreme Court's decisions barring arbitration of such claims under the CLRA and UCL cannot stand following *Concepcion*. This Court agrees with ATTM for the reasons discussed below.

In *Discover Bank v. Superior Court*, the California Supreme Court held that an arbitration agreement containing a class-action waiver is "unconscionable under California law and should not be enforced" where:

> the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money.

*Discover Bank*, 36 Cal. 4th 148, 162-63 (2005).  The court further held "that the FAA does not prohibit a California court from refusing to enforce a class action waiver that is unconscionable." *Id.* at 173.

The United States Supreme Court disagreed and concluded that the *Discover Bank* rule was preempted by the FAA. *Concepcion*, 131 S. Ct. at 1753.  Section 2 of the FAA "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* at 1746 (internal quotation marks and citation omitted).  However, "[a]lthough § 2's saving clause preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives." *Id.* at 1748.  "States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons." *Id.* at 1753.  The "principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." *Id.* at 1748 (internal quotation marks, alteration, and citation omitted).  Thus, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *Id.* at 1747.

3

1    This is the precisely the situation in this case.  Nelson argues that *Broughton* and *Cruz* 2 are not "state law" as contemplated by *Concepcion* and, instead, are interpretations of federal 3 law, but this Court is not so persuaded.  The California Supreme Court made clear that it was 4 interpreting state statutes.  *E.g., Broughton*, 21 Cal. 4th at 1082 ("Nor do we believe that *this* 5 *interpretation of the CLRA* contravenes the FAA." (emphasis added)); *Broughton*, 30 Cal. 6 4th at 315-16 (focusing on the legislative intent behind the UCL in determining whether 7 public injunctive relief claims under the statute were arbitrable).  Although both courts 8 considered federal case law, their ultimate conclusions were interpretations of state law – 9 namely, that two California statutory schemes, the CLRA and UCL, do not provide for 10 arbitration of public injunctive relief claims.  As another court in this district recently 11 concluded, *Concepcion* "compels preemption" of such blanket bans under state law.  12 *Arellano v. T-Mobile USA, Inc.*, No. C10-5663 WHA, 2011 WL 1842712, at *2 (N.D. Cal. 13 May 16, 2011) (holding that "the Act preempts California's exemption of claims for public 14 injunctive relief from arbitration, at least for actions in federal court").  This is true even 15 though plaintiffs may argue that "preclusion of injunctive relief on behalf of the class equates 16 to preclusion of the ability to obtain effective relied [relief] – enjoining deceptive practices 17 on behalf of the public in general," *id.* (internal quotation marks and citation omitted), and in 18 spite of "public policy arguments thought to be persuasive in California," *id.*

19    Other district courts have reached the same conclusion.  *E.g., In re Gateway LX6810* 20 *Computer Prods. Litig.*, No. SACV 10-1563-JST (JEMx), 2011 WL 3099862, at *3 (C.D. 21 Cal. July 21, 2011) (holding that "Plaintiffs' claims for injunctive relief [under the CLRA 22 and UCL] must be resolved in arbitration pursuant to the DRP [dispute resolution provision 23 of the limited warranty at issue]"); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, No. 24 C10-2553 RMW, 2011 WL 2886407, at *4 (N.D. Cal. July 19, 2011) (following *Arellano*); 25 *Zarandi v. Alliance Data Sys. Corp.*, No. CV 10-8309 DSF (JCGx), 2011 WL 1827228, at *2 26 (C.D. Cal. May 9, 2011) (rejecting plaintiff's "request to bifurcate the claims seeking 27 injunctive relief because the FAA preempts state law to the extent it prohibits arbitration of a 28 particular type of claim"); *see also Cardenas v. AmeriCredit Fin. Servs. Inc.*, Nos. C09-4978

4

SBA & C09-4892 SBA, 2011 WL 2884980, at *3 (N.D. Cal. July 19, 2011) (granting a motion to stay pending appeal in part because "*Concepcion*'s 'straightforward' analysis arguably compels the conclusion that the FAA preempts both [*Broughton* and *Cruz*]").

Nelson does not offer any authority directly holding to the contrary – i.e., post-*Concepcion* cases holding that public injunctive relief claims under the UCL and CLRA cannot be arbitrated. Instead, he relies on three cases interpreting California's Private Attorney General Act ("PAGA"), the purpose of which "is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code." *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 2011 WL 2685959, at *6 (2011) (citation omitted). First, a California appellate court analogized PAGA claims to UCL and CLRA public injunctive relief claims, citing *Broughton* and *Cruz*, and determined that "representative actions under the PAGA do not conflict with the purposes of the FAA. If the FAA preempted state law as to the unenforceability of the PAGA representative action waivers, the benefits of private attorney general actions to enforce state labor laws would, in large part, be nullified." *Id.* The court concluded that:

> United States Supreme Court authority [including *Concepcion*] does not address a statute such as the PAGA, which is a mechanism by which the state itself can enforce state labor laws, for the employee suing under the PAGA does so as the proxy or agent of the state's labor law enforcement agencies. And, even if a PAGA claim is subject to arbitration, it would not have the attributes of a class action that the [*Concepcion*] case said conflicted with arbitration, such as class certification, notices, and opt-outs. Until the United States Supreme Court rules otherwise, we continue to follow what we believe to be California law.

*Id.* at *7 (internal quotation marks, citation, and footnote omitted). Second, a federal district court recently "agree[d] with the *Brown* court's reasoning" that "class action waivers contained in arbitration agreements may not be used to divest plaintiffs of their right to bring representative actions under PAGA." *Plows v. Rockwell Collins, Inc.*, No. SACV 10-01936 DOC (MANx), 2011 WL 3501872, at *5 (C.D. Cal. Aug. 9, 2011). And, third, a California trial court independently reached a similar conclusion. *Sheen v. Lorre*, Case No. SC111794, at 12-18 (Cal. Super. Ct. June 15, 2011) (Ex. 1 to Gibbs Decl.).

5

1  However, in a case decided before *Brown*, a district court explained why *Concepcion*
2  compelled enforcement of arbitration agreements even where the agreements barred an
3  employee from bringing a representative PAGA claim:

> [R]equiring arbitration agreements to allow for representative PAGA claims on behalf of other employees would be inconsistent with the FAA. A claim brought on behalf of others would, like class claims, make for a slower, more costly process. In addition, representative PAGA claims "increase[ ] risks to defendants" by aggregating the claims of many employees. *See* [*Concepcion*, 131 S. Ct.] at 1752. Defendants would run the risk that an erroneous decision on a PAGA claim on behalf of many employees would "go uncorrected" given the "absence of multilayered review." *See id.* Just as "[a]rbitration is poorly suited to the higher stakes of class litigation," it is also poorly suited to the higher stakes of a collective PAGA action. *See id.* The California Court of Appeal's decision in *Franco* [which was relied on by *Brown*, 2011 WL 2685959, at *4-5] shows only that a state might reasonably wish to require arbitration agreements to allow for collective PAGA actions. *See Franco* [*v. Athens Disposal Co.*, 90 Cal. Rptr. 3d 539, 558 (2009)]. *AT & T v. Concepcion* makes clear, however, that the state cannot impose such a requirement because it would be inconsistent with the FAA. *See Concepcion*, 131 S. Ct. at 1753.
>
> For these reasons, the Court concludes that Quevedo's PAGA claim is arbitrable, and that the arbitration agreement's provision barring him from bringing that claim on behalf of other employees is enforceable.

*Quevedo v. Macy's, Inc.*, No. CV 09-1522 GAF MANX, 2011 WL 3135052, at *17 (C.D. Cal. June 16, 2011).[1] This Court agrees with the *Quevedo* court's reasoning as to why *Concepcion* preempts California law holding that a PAGA claim is inarbitrable, and the Court therefore does not find the PAGA cases relied on by Nelson to be persuasive.

In short, the Court concludes that *Concepcion* compels arbitration in this case. The United States Supreme Court has made clear that a state "cannot require a procedure that is inconsistent with the FAA," regardless of how desirable that procedure may be, *Concepcion*, 131 S. Ct. at 1753, nor can a state "prohibit[] outright the arbitration of a particular type of claim," *id.* at 1747. The FAA therefore preempts the holdings of the California Supreme

---

[1] Curiously, the *Brown* majority cited *Quevedo* only in a footnote on the issue of whether "a PAGA claim can be arbitrated on an individual basis." *Brown*, 2011 WL 2685959, at *7 n.8. It did not otherwise attempt to refute the *Quevedo* court's conclusions. *Quevedo* was, however, cited in dissent. *Id.* at *11 (Kriegler, J., concurring and dissenting).

6

Court in *Broughton* and *Cruz* that the CLRA and UCL, respectively, do not permit arbitration of public injunctive relief claims.

**CONCLUSION**

Accordingly, with good cause appearing, ATTM's motion to compel arbitration is GRANTED, and this case is STAYED pending arbitration of Nelson's claims. The parties shall proceed immediately to arbitration and shall file a joint case management statement within one week of the completion of arbitration or on or before **December 12, 2011**, whichever is sooner. If the Court believes that the parties are not diligently pursuing arbitration, it may subsequently order the parties to appear for a case management conference on **December 19, 2011, at 1:30 PM.**

**IT IS SO ORDERED.**

Dated:   08/18/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT